IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:22-CV-295-BO-RJ

R.P. and M.P., )
    Plaintiffs, )
v. ) ORDER
)
BLUECROSS BLUESHIELD of NORTH )
CAROLINA, MEDCOST BENEFIT )
SERVIVES, LLC, and the )
EMERGEORTHO BLUEOPTIONS CORE )
PLAN, )
    Defendants. )

This cause comes before the Court on MedCost's partial motion [DE 41] to dismiss and BlueCross's unopposed motion [DE 43] to join that motion. Plaintiffs have responded to defendants' motion to dismiss, and the matter is ripe for ruling.

## BACKGROUND

Plaintiffs allege BlueCross NC wrongfully denied its claims for benefits relating to services M.P. received at BlueFire Wilderness Therapy, which allegedly is a licensed treatment facility that treats mental health, behavioral, and substance abuse problems. That denial of benefits is the foundation for plaintiffs' two ERISA claims against defendant. In the first claim, plaintiffs seek recovery of past denied benefits under 29 U.S.C. § 1132(a)(1)(B). In the second, plaintiffs argue that defendants violated the Mental Health Parity and Addiction Equity Act of 2008 ("Parity Act") and seek equitable relief under § 1132(a)(3).

## DISCUSSION

"[A] plaintiff who prevails in a claim for benefits under Subsection (a)(1)(B) may not *also* obtain other relief under Subsection (a)(3)." *Hayes v. Prudential Ins. Co.*, 60 F. 4th 848, 854-55 (4th Cir. 2023) (emphasis in original).

Under 29 U.S.C. § 1132(a)(1)(B), plaintiff may bring a civil action "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan."

If a plaintiff cannot obtain relief under Subsection (a)(1)(B), Subsection (a)(3) allows plaintiff "(A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan." In other words, Subsection (a)(3) "acts as a safety net, offering appropriate equitable relief for injuries caused by violations that § 1132 does not elsewhere adequately remedy." *Korotynska v. Metro. Life Ins. Co.*, 474 F.3d 101, 107 (4th Cir. 2006) (citing *Varity Corp. v. Howe*, 516 U.S. 489, 512 (1996)). It follows that, when "§ 1132(a)(1)(B) affords the plaintiff adequate relief for her benefits claim, [] a cause of action under § 1132(a)(3) is [] not appropriate." *Korotynska*, 474 F.3d at 107.

In *L.L. v. MedCost*, the Western District of North Carolina was faced with a plaintiff who, like the plaintiffs here, made a claim under both §§ 1132(a)(1)(B) and (a)(3). No. 1:21-cv-00265-MR, 2023 WL 362391, at *5 (W.D.N.C. Jan. 23, 2023).[1] The *L.L.* court dismissed the § 1132(a)(3) claim because plaintiff could obtain "adequate relief" under § 1132(a)(1)(B). Following that same logic, the Court finds plaintiffs' § 1132(a)(3) claim must be dismissed. *Id.*; *see Korotynska*, 474 F.3d at 107.

Plaintiffs' two arguments to the contrary are unpersuasive. First, plaintiffs argue the two claims are distinct because the § 1132(a)(3) claim "ensure[d] that M.P. receives future benefits," as opposed to her § 1132(a)(1)(B) claim seeking compensation for past benefits. But 29 U.S.C. § 1132(a)(1)(B) allows plaintiffs "to clarify [her] rights to future benefits under the terms of the

---

[1] Like the plaintiffs before the Court, those plaintiffs in *L.L. v. MedCost* alleged that defendant violated 29 U.S.C. § 1185a(a)(3)(A)(ii) of the Parity Act.

2

plan." Thus, clarification of future coverage is available under § 1132(a)(1)(B) without invoking § 1132(a)(3). *See Korotynska v. Metro. Life Ins. Co.*, 474 F.3d 101, 107–08 (4th Cir. 2006).

Second, plaintiffs argue that the § 1132(a)(3) claim remedied defendants' alleged breach of fiduciary duty, as opposed to the § 1132(a)(1)(B) claim that remedied the alleged wrongful denial of benefits. However, the only harm that flowed from the alleged breach of fiduciary duty was the denial of benefits. Because § 1132(a)(1)(B) remedied the denial of benefits, the alleged breach of fiduciary duty is adequately remedied without invoking § 1132(a)(3). Indeed, if the Court followed plaintiffs' logic, any beneficiary claiming a wrongful denial of benefits could "repackage" her claim as a breach of fiduciary duty. *See Korotynska*, 474 F.3d at 107–08. The Fourth Circuit explicitly rejected that logic, so plaintiffs' § 1132(a)(3) claim must be dismissed. *See id.*

## CONCLUSION

For good cause shown, and without plaintiffs' objection, Blue Cross NC's motion [DE 43] to join in MedCost's motion is GRANTED. For the foregoing reasons, defendants' motion [DE 41] to partially dismiss is GRANTED. Plaintiffs' second cause of action for equitable relief pursuant to 29 U.S.C. § 1132(a)(3) is DISMISSED without prejudice.

SO ORDERED, this 7 day of June, 2023.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE